# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-1061

_____

Pablo Ajqui De La Cruz

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 20, 2017
Filed: September 29, 2017
[Unpublished]

_____

Before GRUENDER, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Pablo Ajqui De La Cruz petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the decision of an immigration judge (IJ), which denied him asylum and withholding of removal.[1]

To qualify for asylum, Ajqui De La Cruz was required to show that he was unable or unwilling to return to Guatemala due to persecution or a well-founded fear of persecution, on account of race, religion, nationality, political opinion, or membership in a particular social group. See Gutierrez-Vidal v. Holder, 709 F.3d 728, 732 (8th Cir. 2013). In testimony found credible by the IJ, Ajqui De La Cruz described how he and his father-in-law were attacked in 2000 by unknown, masked individuals whom he believed may have been motivated by his former association with guerillas. The agency determined he had not established persecution as required for asylum relief, finding, inter alia, that he failed to show the government was unable or unwilling to control the private individuals who attacked him and his father-in-law in 2000, or any individuals he fears might seek him if he returned. Ajqui De La Cruz has not presented any meaningful argument that this finding was erroneous; thus, we conclude that he has waived this issue. See Chay-Velasquez, 367 F.3d at 756 (waiver of issues). Because Ajqui De La Cruz's failure to make this showing was fatal to both his asylum claim and his withholding-of-removal claim, we need not consider the arguments he raises on appeal. See Gutierrez-Vidal, 709 F.3d at 732 (to establish past persecution or a well-founded fear of future persecution, asylum applicant must show that the government condoned assaults, or was unable or unwilling to control the private actors who committed them); see also Edionseri v. Sessions, 860 F.3d 1101, 1105 (8th Cir. 2017) (standard for withholding of removal also requires showing that the government, or private parties the government is unable or unwilling

---

[1]The IJ's denial of relief under the Convention Against Terror is not before this court. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (petitioner waives claim by failing to raise it in opening brief).

to control, inflicted or will inflict harm).  Accordingly, the petition is denied.  <u>See</u> 8th Cir. R. 47B.

_____